IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
**NICHOLAS SANDS, and SANDS & COMPANY, INC.,**

                                                                          **07 CIV 9824**

                                          **Plaintiffs,**

     -against-                                                    **AFFIDAVIT IN SUPPORT**

**LEONARD BERNSTEIN and JANE HOLMES BERNSTEIN,**

                                                     **Defendants.**
-----------------------------------------------------------------------X

LEONARD BERNSTEIN, being duly sworn deposes and says the following:

1. I am a defendant in this action.

2. I submit this affidavit in full support of the within Motion seeking an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting Summary Judgment against Nicholas Sands ("SANDS") on the grounds that there are no disputed issues of material fact requiring trial and defendants are entitled to judgment in their favor as a matter of law.

3. I have reviewed the within Motion for Summary Judgment. Upon information and belief, and based on personal knowledge, I believe that the motion is true and that SANDS' complaint should be dismissed.

**I.    ELECTRIC CHAIR**

4. I am the sole owner of the painting Electric Chair.

5. In 1997, I sought to have Electric Chair authenticated as an original work of art by the late Andy Warhol.

6. The Andy Warhol Authentication Board ("Warhol Board") is the only body currently authorized to certify works of art by the late Andy Warhol.

7. I agreed to let SANDS seek certification through the Warhol Board.

8. On or about February 1997, the Warhol Board rejected Electric Chair as an authentic Andy Warhol.

9. On February 15, 1997 I entered a contract to have SANDS present Electric Chair to a "higher level," and to "certain well-known authorities," and thereby allow SANDS to subsequently challenge the Warhol Board's rejection.

10. Nothing in the contract states that SANDS is entitled to keep Electric Chair indefinitely.

11. During the course of the next 10 months, SANDS was not able to authenticate Electric Chair or to overturn the Warhol Board's rejection of same.

12. On December 14, 1997, SANDS unilaterally extended the contract to "1998 or longer if needed."

13. Over the next 10 years, SANDS has failed to authenticate Electric Chair.

14. I have repeatedly asked to have the painting returned and SANDS refused my requests.

15. Additionally, SANDS expressly acknowledged in the 1997 contract that he was holding Electric Chair on my behalf.

**II.  MARTINSON COFFEE**

16. My wife and I were the sole owners of the Andy Warhol painting titled Martinson Coffee ("Martinson").

2

17. On or about April 2006, SANDS and I began discussions of the possible sale of Martinson. However, no contract was signed.

18. During 2006, SANDS claims to have researched the value of Martinson, shopped the painting to potential buyers, and offered to act as my agent in Martinson's sale.

19. I requested SANDS provide proof of any potential buyers, but SANDS never brought proof of any ready, willing, and able buyer.

20. At the same time, I was also in discussions with Sotheby's to sell the painting directly through their auction house.

21. On July 28, 2006, I signed an agreement with Sotheby's to have them auction the painting and to have the potential buyer pay all commissions directly to Sotheby's.

22. On November 14, 2006, Sotheby's sold Martinson at auction.

23. SANDS never acted as my agent in said sale and thereby is not entitled to any commission on the Sotheby's sale.

**WHEREFORE**, it is respectfully requested that my Motion for Summary Judgment be granted in its entirety, dismissing SANDS complaint and for such other and further relief as this Court may deem just and proper.

Sworn to before me on
July 3, 2008

_____
Notary Public

NARINE ARUSTAMYAN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Oct. 30, 2009

Respectfully submitted,

_____
Leonard Bernstein

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
**NICHOLAS SANDS, and SANDS & COMPANY, INC.,**

                                        **Plaintiffs,**

    -against-

**LEONARD BERNSTEIN and JANE HOLMES BERNSTEIN,**

                                        **Defendants.**
------------------------------------------------------------------------X

**07 CIV 9824**

**AFFIDAVIT IN SUPPORT**

JANE HOLMES BERNSTEIN, being duly sworn deposes and says the following:

1.    I am a defendant in this action.

2.    I submit this affidavit in full support of the within Motion seeking an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting Summary Judgment against Nicholas Sands ("SANDS") on the grounds that there are no disputed issues of material fact requiring trial and defendants are entitled to judgment in their favor as a matter of law.

3.    I have reviewed the within Motion for Summary Judgment. Upon information and belief, and based on personal knowledge, I believe that the motion is true and that SANDS' complaint should be dismissed.

4.    Leonard Bernstein is the owner of Electric Chair and as his wife I have an interest in the painting.

5.    Everything that Leonard Bernstein has stated in his affidavit is true and I fully support this motion for summary judgment.

1

**WHEREFORE**, it is respectfully requested that the Motion for Summary Judgment be granted in its entirety, dismissing SANDS complaint and for such other and further relief as this Court may deem just and proper.

Sworn to before me on
July 3, 2008

*[signature]*
Notary Public

NARINE ARUSTAMYAN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Oct. 30, 2009

Respectfully submitted,

*[signature]*
Jane Holmes Bernstein
3JUL2008

2