UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NICHOLAS SANDS and SANDS & COMPANY, INC.,

         Plaintiffs,    Docket No.:
                 07- CV-9824 (RWS)
   -against-

LEONARD BERNSTEIN and JANE HOLMES
BERNSTEIN,

         Defendants.
-------------------------------------------------------------------X

## DECLARATION OF BARRY I. LEVY

**Barry I. Levy, Esq.** hereby declares the truth of the following pursuant to 28 U.S.C. § 1746:

  1.  I am an attorney licensed to practice law in New York and before this Court and am a partner with the law firm of Rivkin Radler LLP, counsel for the Plaintiffs, Nicholas Sands and Sands & Company, Inc. ("S&C").

  2.  This declaration is respectfully submitted pursuant to Fed. R. Civ. P. 56(f) for purposes of opposing Defendants' pending motion for summary judgment. As discussed below, the Defendants summary judgment motion should be denied until such time as Leonard Bernstein and Jane Holmes Bernstein (collectively "Defendants") submit to depositions in this case.

  3.  This action was commenced by Plaintiffs on November 6, 2007. Requests for documents and interrogatory responses were served on February 4, 2008 shortly before the initial scheduling conference was held in this matter. In connection with the initial conference, the

parties agreed that all discovery would be scheduled and completed by September 15, 2008. (See Docket Sheet – Entry No. 8)

4. Beginning in May 2008, I began to attempt to schedule depositions of the Defendants with their counsel. I originally proposed deposition dates during the week of July 14, 2008 and/or July 21, 2008 because I was scheduled to be on trial from June 16, 2008 through July 11, 2008. In response, I was advised that the Bernsteins were not available until after August 18, 2008 because they were scheduled to be out of the country during the later part of July and early part of August 2008. On June 4, 2008, I wrote to Mr. Lindy (Defendants' counsel) advising as follows:

> Dear Mr. Lindy:
>
> In response to your letter, please suggest dates during the week of August 18, 2008 when your clients are available to be deposed. I believe that all depositions can be conducted that week.

5. Shortly after that letter was sent, we tentatively agreed to conduct the Bernsteins' depositions in New York during the week of August 18, 2008 – this permitted sufficient time to complete all discovery by September 15, 2008. However, on July 11, 2008 (shortly before the Defendants were leaving the country") Defendants' counsel filed the pending motion for summary judgment. Thereafter, he advised that in light of the pending motion that his clients would not be appearing for their depositions. The failure to conduct the depositions of the Defendants was in no way attributable to the Plaintiffs.

6. As discussed in the accompanying memorandum of law, there are several key issues related to the arguments/defenses that the Defendants have raised in their moving papers concerning the enforcement of the contracts that involve information within the knowledge of the Bernsteins and that could only be gathered by conducting their depositions, including:

(i) whether there was a novation of the Electric Chair contract – an issue which calls into question the intent of the parties at the time of the conduct and the actions of the parties in relation to their intentions;

(ii) whether the Defendants should be equitably estopped and/or promissorily estopped from denying enforcement of the Electric Chair contract and the Martinson Coffee contracts – issues which calls into question whether the Defendants misrepresented or concealed their intentions from the Plaintiffs; whether the Defendants expected or intended Plaintiffs to rely on their misrepresentations; and whether the defendants had true knowledge of the facts (i.e. whether they truly intended to allow Plaintiffs as long as necessary to seek authentication of the Electric Chair and whether ); and

(iii) whether Plaintiffs should be given additional time to seek authentication of Electric Chair in consideration of the pending Warhol Litigation and additional recent efforts which they have been made in support of the goal to secure authentication.

7. Under these circumstances, Plaintiffs should be entitled to the Bernsteins' deposition to explore all of the relevant testimony (including their knowledge and understanding of the various agreements and what was to be done by Plaintiffs, their conversations with the Plaintiffs, their conversations with third parties) that would be relevant to the issues and the arguments which the Bernsteins have raised in an attempt to have the Plaintiffs' claims dismissed. In addition, Plaintiffs should be entitled to conduct depositions from Sotheby's representatives for the purposes of determining the extent of their conversations, including whether Defendants acknowledged the agreement between the Plaintiffs and Defendants in connection with the auction of Martinson Coffee.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Uniondale, New York on August 25, 2008.

/s/ Barry I. Levy
Barry I. Levy