Docket No.:
07-CV-9824(RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NICHOLAS SANDS, and SANDS & COMPANY, INC.,

Plaintiffs,

-against-

LEONARD BERNSTEIN and JANE HOLMES BERNSTEIN,

Defendants.
-------------------------------------------------------------------------X

### AFFIRMATION IN REPLY

Defendants Leonard Bernstein and Jane Holmes Bernstein (collectively "Defendants") respectively submit this affirmation in further support of their motion for summary judgment and in opposition to the memorandum of law in opposition submitted by Plaintiffs Nicholas Sands and Sands & Company, Inc (collectively "Plaintiffs"). As discussed below, summary judgment should be granted in this case and the Plaintiff's case should be dismissed.

**LOCAL RULE 56.1**

1.    The district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked. Somlyo v. J. Lu-Rob Enterprises Inc. 932 F. 2d 1043. While not specifically annexing a separate document to their moving papers[1], the Defendants have set forth in numbered paragraphs a short and concise

---

[1] The Defendants have annexed a formal Local Rule 56.1 statement which we ask the court to consider *non pro tunc*. This statement of facts is derived from the sworn affidavits of the Defendants and documents attached thereto. All statements and supporting documentation therein were previously provided in the Defendant's initial motion papers and does not serve as a surprise to the Plaintiffs in any manner.

statement of relevant material facts as to which they contend there is no genuine issue to be tried. These statements have been supported by sworn affidavits of the Defendants themselves, which have been submitted in an admissible form. A district court has broad discretion to overlook a party's failure to comply with local court rules. Wright v. Bankamerica Corp., 219 F. 79, 85 (2d Cir. 2000). While a court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements it may in its discretion opt to "conduct an assiduous review of the record" even where one of the parties has failed to file such a statement. Monahan v. New York City Department of Corrections, 214 F.3d 275 (2d Cir. 2000). The Defendants have complied with the intentions and spirit of Local Rule 56.1 and in the interests of justice the merits of the Defendants motion should be considered by the Honorable Court.

**ELECTRIC CHAIR**

2.      The Defendants are entitled to summary judgment dismissing the plaintiff's complaint because there is no evidence in the record to establish that the plaintiffs were entitled to keep Electric Chair for an indefinite period of time. The plaintiff has had over ten years to establish the authentication of Electric Chair and has repeatedly failed to do so. Even though no time of performance was agreed upon in the 1998 agreement, New York law finds an indefinite time period unreasonable. Guilbert v. Gardner, 480 F. 3d 140, 149 (2nd Cir. 2007) An agreement that does not contain a provision fixing its duration will be interpreted to last for a reasonable period of time. Falco Construction Corp. v. Summit General Contracting Corp., 760, F. Supp. 1004, 1012 (E.D.N.Y 1991). Ten years was a more than reasonable time period to allow the plaintiffs to attempt to authenticate electric chair and he failed to do so. Quite the

opposite the painting has been categorically labeled as fake and to allow him to retain the painting any longer would be clearly unreasonable.

  3. The plaintiffs are attempting to confuse the court by insinuating that the contract term "1998 or longer if needed" is in any way enforceable. With respect to the timeliness of that performance, it is a matter of hornbook law that where a contract lacks an express provision regarding the time of performance a reasonable time is implied. *Young v. Whitney*, 111 A.D.2d 1013, 490 N.Y.S.2d 330, 331 (1985) (citations omitted); *Webster's Red Seal Publications, Inc. v. Gilberton World-Wide Publications, Inc.*, 67 A.D.2d 339, 415 N.Y.S.2d 229, 231 (1979), *aff'd,* 53 N.Y.2d 643, 438 N.Y.S.2d 998, 421 N.E.2d 118 (1981). In determining what is a reasonable time the fact finder should consider the facts and circumstances of the particular case, including the subject matter of the contract, what the parties contemplated at the time of contract, and the circumstances surrounding performance. *Zev v. Merman,* 73 N.Y.2d 781, 536 N.Y.S.2d 739, 533 N.E.2d 669 (1988); *Young,* 490 N.Y.S.2d at 331-332.

  4. Assuming arguendo that the 1998 contract acted as a modification and not an improper novation it is patently unreasonable to expect the defendants to allow the plaintiffs to retain their property for over ten years time. In his own opposition papers the plaintiff readily admits that he has repeatedly been unsuccessful in securing the authentication of Electric Chair several times. He goes into great detail as to his alleged efforts to have the painting authenticated but readily admits that he has failed each and every time. No where in the plaintiff's opposition papers is any factual assertion that establishes he will ever fulfill his end of the bargain, not even a faint hope of such. It would be outrageously unreasonable to allow the plaintiff to retain possession of the

defendant's property for over a decade when he has been unsuccessful in fulfilling his performance of the contract.

**MARTINSON COFFEE**

5.  At the outset it must be noted that the plaintiff has not provided proof of any agreement, written and oral, or evidence of any express agreement demonstrating their authority to act as the defendants agent for the sale of Martinson. Furthermore, the plaintiff has not provided any evidence of exclusivity or any evidence to show that Sotheby's is not the exclusive dealer of Martinson.

6.  The email exchanges between the parties did not constitute a valid binding contract concerning Martinson Coffee. That is, a simple exchange of emails is not sufficient to meet the signature requirement. See Rosenfeld v. Basquiat, 78 F.3d 84, 93 (2nd Cir. 1996) (held that exchange of emails is sufficient to establish agreement only when emails contain explicit information on price, date, information on deposit, specific goods involved, and signatures of parties involved). Here, the emails contain the defendant's explicit statement to the plaintiff that they were considering signing an agreement with Sotheby's but would only reconsider if the plaintiff provided a ready, willing, and able buyer. The plaintiff failed to provide an actual buyer or proof of a potential buyer, thus prompting the defendants to sign exclusively with Sotheby's.

7.  Plaintiff's argument that the defendants are promissorily estopped from denying the validity of the Martinson Coffee contract should be disregarded by the court. The plaintiff never participated in the sale of Martinson Coffee in any significant matter whatsoever. He merely insinuated to the defendants that he had buyers who were interested in the painting but never made any attempts to identify those buyers. Even now

with everything on the line he doesn't come forward with any of this information. Only after resorting to badgering the defendants did the discussion of compensating the plaintiff for the sale of Martinson Coffee ever arise. Plaintiff's reliance on an alleged promise regarding a finders fee for the sale of a painting that he played absolutely no role in is clearly unreasonable and should be disregarded by the honorable court.

8.  In sum, the defendants motion for summary judgment should be granted because the plaintiff has not met his burden to produce any admissible evidence indicating a dispute of fact with respect to any element of their case.

. **WHEREFORE** it is respectfully requested that the Defendant's Motion for Summary Judgment dismissing plaintiff's Complaint, as a matter of law, be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          September 8, 2008

Respectfully submitted,

Joshua D. Lindy ( 7107 )
**BRODY, BENARD & BRANCH LLP**
Attorneys for Defendants
**LEONARD BERNSTEIN and
JANE HOLMES BERNSTEIN**
205 Lexington Ave., 4th Floor
New York, New York 10016
(212) 679-7007