Docket No.:
07-CV-9824(RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NICHOLAS SANDS, and SANDS & COMPANY, INC.,

Plaintiffs,

-against-

LEONARD BERNSTEIN and JANE HOLMES BERNSTEIN,

Defendants.
-------------------------------------------------------------------------X

## STATEMENT PURSUANT TO LOCAL RULE 56.1

Pursuant to Rule 56.1 of the Local Rules of the of the United States District Court for the Southern and Eastern Districts of New York, defendants **LEONARD BERNSTEIN and JANE HOLMES BERNSTEIN** submit this statement in support of their motion for summary judgment dismissing the complaint.

Defendants **LEONARD BERNSTEIN and JANE HOLMES BERNSTEIN** submit that there is no genuine issue to be tried with respect to the following material facts:

### Undisputed Material Facts

1.  LEONARD BERNSTEIN (hereinafter defendant) is the sole owner of the painting Electric Chair. (See paragraph four of the Affidavit of LEONARD BERNSTEIN hereinafter annexed hereto as Exhibit "A")

2.  In 1997, the defendants sought to have Electric Chair authenticated as an original work of art by the late Andy Warhol. (See Exhibit "1") paragraph five)

3.  The Andy Warhol Authentication Board ("Warhol Board") is the only

body currently authorized to certify works of art by the late Andy Warhol. (See Exhibit "A" paragraph six)

4. The defendants agreed to let the Plaintiff seek certification through the Warhol Board. (See Exhibit "A" paragraph seven)

5. On or about February 1997, the Warhol Board rejected Electric Chair as an authentic Andy Warhol. (See Exhibit "A" paragraph eight)

6. On February 15, 1997 the defendants entered into a contract with the plaintiffs to present Electric Chair to a "higher level" and to "certain well known authorities" and thereby allow the plaintiffs to subsequently challenge the Warhol Board's rejection. (See Exhibit "A" paragraph nine)

7. Nothing in the contract states that the plaintiffs are entitled to keep Electric Chair indefinitely. (See Exhibit "A" paragraph ten)

8. During the course of 1997 the plaintiffs were unable to authenticate Electric Chair or overturn the Warhol Board's rejection of same. (See Exhibit "A" paragraph eleven)

9. Over the course of the next 10 months the plaintiffs have failed to have Electric Chair authenticated. (See Exhibit "A" paragraph twelve)

10. On December 14, 1997, the plaintiffs unilaterally extended the contract to "1998 or longer if needed. (See Exhibit "A" paragraph twelve)

11. Over the next 10 years, the plaintiffs have failed to authenticate Electric Chair. (See Exhibit "A" paragraph thirteen)

12. The Defendants have repeatedly asked to have the painting returned and the plaintiff has refused my requests. (See Exhibit "A" paragraph fourteen)

13.     Additionally, the plaintiff expressly acknowledged in the 1997 contract that he was holding Electric Chair on behalf of the defendants. (See Exhibit "A" paragraph fifteen)

14.     The defendants were the sole owners of the Andy Warhol painting titled Martinson Coffee ("Martinson"). (See Exhibit "A" paragraph sixteen)

15.     On or about April 2006, the plaintiff and defendants began discussions of the possible sale of Martinson. However, no contract was signed. (See Exhibit "A" paragraph seventeen)

16.     During 2006, the plaintiff claims to have researched the value of Martinson, shopped the painting to potential buyers, and offered to act as the defendant's agent in Martinson's sale. (See Exhibit "A" paragraph eighteen)

18.     The defendants requested that the plaintiff provide proof of any potential buyers, but the plaintiff never brought proof of any ready, willing, and able buyer. (See Exhibit "A" paragraph nineteen)

19.     At the same time, the defendants were also in discussions with Sotheby's to sell the painting directly through their auction house. (See Exhibit "A" paragraph twenty )

20.     On July 28, 2006, the defendants signed an agreement with Sotheby's to have them auction the painting and to have the potential buyer pay all commissions directly to Sotheby's. (See Exhibit "A" paragraph twenty one)

21.     On November 14, 2006, Sotheby's sold Martinson at auction. (See Exhibit "A" paragraph twenty two)

22.     The plaintiff never acted the defendant's agent in said sale and thereby is

not entitled to any commission on the Sotheby's sale. (See Exhibit "A" paragraph twenty three)

Dated:     New York, New York
           September 8, 2008

                                    Respectfully submitted,

                                    _____
                                    Joshua D. Lindy ( 7107 )
                                    **BRODY BENARD & BRANCH LLP**
                                    Attorneys for Defendants
                                    **LEONARD BERNSTEIN and
                                    JANE HOLMES BERNSTEIN**
                                    205 Lexington Ave., 4th Floor
                                    New York, New York 10016
                                    (212) 679-7007